IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DORRELL R. COULTHRUST,

        Plaintiff,

v.                                                      No. CIV-06-0024 RB/RHS

A. COOPER, V. ALLEN, JAMES E. BURRELL,

        Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's original and amended civil rights complaints (together the "complaint"). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is a federal prisoner who is confined in a privately operated correctional facility in New Mexico. The complaint alleges that Defendants refuse to honor dietary restrictions that are an integral part of Plaintiff's religious beliefs. Plaintiff claims that Defendants' actions violate a number of his constitutional rights. He alleges that he has exhausted administrative remedies, and he seeks

damages and declaratory and equitable relief.

According to the complaint, Defendant Burrell, "a citizen of Washington, D.C.," is an administrative employee of the U.S. Bureau of Prisons. Plaintiff's sole factual allegation against Defendant Burrell is that he denied Plaintiff's attempt to appeal the denial of grievances against the dietary inadequacies. Generally, of course, a plaintiff's dissatisfaction with grievance procedures does not give rise to a constitutional claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quotation omitted); *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000). As a result, even assuming that this Court could exercise personal jurisdiction of this non-resident Defendant, the complaint does not state a claim against him. Plaintiff's claims against Defendant Burrell will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion to amend the complaint (Doc. 5) is GRANTED, and the Clerk is directed to separate the proposed amended complaint from the motion and enter the amended complaint on the docket;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Burrell are DISMISSED with prejudice, and Defendant Burrell is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the original and amended complaints, to Defendants Cooper and Allen.

_____
UNITED STATES DISTRICT JUDGE